UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                **MEMORANDUM & ORDER**
                                                                 19-cr-00429 (JMA-1)

          -against-

ADALBERTO MANUELES,

                                   Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Defendant Adalberto Manueles moves, <u>pro se</u> under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a two-point reduction in his sentence based on the "zero-point offender" amendment to the U.S. Sentencing Guidelines ("Guidelines"). (ECF No. 138.) The Government opposes the motion. (ECF No. 141.) Mr. Manueles timely replied through counsel.[1] (ECF No. 142.) For the below reasons, the motion is granted.

## I.    DISCUSSION

      Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." <u>United States v. Torres</u>, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.) (citing <u>United States v. Martin</u>, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." <u>United States v. Zapatero</u>, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)). If the defendant

---

[1]     By Order, dated January 31, 2024, the Court appointed Terrence Buckley, Esq., Federal Defenders, to represent Mr. Manueles.

is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." Torres, 2024 WL 621554, at *1 (quoting Martin, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment.... is not authorized under 18 U.S.C. § 3582(c)(2) if .... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2).... to a term that is less than the minimum of the amended guideline range." Id. § 1B1.10(b)(2)(A). "Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." United States v. Ross, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Part A of the Amendment addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. United States v. Tejeda, 2024 WL 1676329, at *2 n.1 (S.D.N.Y. Apr. 18, 2024). The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points. See U.S.S.G. § 4A1.1(e). Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders

2

who have no criminal history points) and whose offense did not involve specific aggravating factors.[2] Id. § 4C1.1.

All agree that Mr. Manueles is eligible for a modification of sentence. (See ECF No. 138, at 2 ("Manueles Mot."); see also ECF No. 141, at 4 ("Gov't Opp."); ECF No. 140, at 3 ("Supl. PSR").) The Court sentenced Mr. Manueles on January 19, 2023, to a term of imprisonment of 121 months, within the applicable Sentencing Guidelines range of 108–135 months (as set out in Mr. Manueles's plea agreement). (Ex. 1 at 4, 9, ECF No. 141-1.) That range was based, in part, on the calculation that Mr. Manueles's had zero criminal history points, resulting in a Criminal History Category of I. (See id. at 5, 8; see also ECF No. 99, at ¶ 34.) As a result, Mr. Manueles's offense level is reduced by two levels from 31 to 29 under the Guidelines as amended. (See Supl. PSR at 3.) At offense level 29 and with a Criminal History Category of I, the amended Guidelines range is now 87 to 108 months' imprisonment. (See id.; see also Gov't Opp. at 4.)

Mr. Manueles argues the Court should reduce his sentence, albeit to an unnamed number of months. (See Manueles Mot. at 4–5.) In response, the Government argues the Court should decline to reduce Mr. Manueles's sentence at all because "this Court's sentence of 121-months' incarceration was well-considered and remains appropriate." (Gov't Opp. 5.)

Upon re-reviewing the record of this case and carefully "consider[ing] anew all of the § 3553(a) factors that [I] originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), I reduce Mr. Manueles's sentence by 13 months and find

---

[2] Under § 4C1.1, a defendant with zero criminal history points is eligible for a two-level reduction to his offense level if: (i) he did not receive an adjustment under § 3A1.4 (Terrorism); (ii) he did not use violence or credible threats of violence in connection with the offense; (iii) the offense did not result in death or serious bodily injury; (iv) the offense is not a sex offense; (v) he did not personally cause substantial financial hardship; (vi) he did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon; (vii) the offense is not covered by § 2H1.1 (Offenses Involving Individual Rights; (viii) he did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (ix) he did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. See U.S.S.G. § 4C1.1(a)(2)–(10). None of these aggravating factors are present in Mr. Manueles's case. (See Supl. PSR at 2.)

a 108 month term of imprisonment "to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing." Id.; see also 18 U.S.C. § 3553(a). In addition to the Section 3553(a) factors, the Court also considers Mr. Manueles's "post-sentencing conduct," most of which is exemplary and none of which is a cause for this Court's concern. U.S.S.G. § 1B1.10, Application Note 1(B)(iii). That said, Mr. Manueles's offense conduct was serious; he played an important role in a drug trafficking conspiracy involving more than 6 kilograms of methamphetamine with a relatively high level of purity. (See Gov't Opp. at 1–2.) Accordingly, the Court resentences Mr. Manueles to 108 months' imprisonment, the top of the newly applicable Guidelines range. All other components of the sentence remain as originally imposed.

## II.     CONCLUSION

For the above reasons, Mr. Manueles's motion is GRANTED. Mr. Manueles's term of imprisonment is reduced to 108 months' imprisonment. All other components of the sentence remain as originally imposed. The Clerk of Court is respectfully directed to close ECF No. 138. The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Manueles at his address of record. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   May 14, 2024
         Central Islip, New York

                                                  /s/ JMA
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE